# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| LORRAINE C. EAST, | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 2:14cv268 |
| vs. | ) |
| | ) |
| THOMAS HALLETT, Magistrate, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Lorraine C. East, a *pro se* plaintiff, recently filed a complaint (DE 1) against Defendant Thomas Hallett, the magistrate judge who presided over her divorce proceedings. She now requests permission to proceed *in forma pauperis* (DE 2) and asks that I consolidate this matter with another currently pending case (DE 3). For the forgoing reasons, I will **DENY** these requests and **DISMISS** her case.

In a nutshell, Ms. East alleges that Magistrate Hallett of the Lake County Superior Court committed various forms of misconduct while handling her divorce proceedings. She alleges that Magistrate Hallett committed abuse of power, obstruction of justice, malicious prosecution, racial discrimination, retaliation for a previous (unrelated) civil rights case filed by Ms. East, and (confusingly) improper venue. These claims originate from the allegedly poor treatment Ms. East suffered at the final hearing in her divorce. Ms. East alleges that at the hearing, she was: not allowed to present all of her evidence, not treated fairly, not allowed to engage in discovery, yelled at, made to feel "hated," allowed only yes or no answers on direct examination, and subjected to

a "gag order" by having one of her two trial days "take[n] away." She requests that I stay her divorce proceedings so that she may present her case in federal court.

Pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009)(*citing* and *quoting Twombly* and *Iqbal*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 602. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, I must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

It is unclear whether Ms. East is suing Magistrate Hallett in his individual or official capacity, but either way, her claims fail and must be dismissed. Generally, a judge sued as an individual is protected by an absolute immunity from any suit for monetary damages, even if faced with allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 288 (1991), *partially superceded by statute on other*

*grounds*. In addition, the Eleventh Amendment bars the federal courts from deciding private suits for monetary damages against state actors sued in their official capacities. *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994); *see also Woods v. City of Michigan City*, 940 F.2d 275, 279 (7th Cir. 1991) (finding Indiana state court judges are state actors under Indiana law). A judge is also specifically shielded from being sued in his or her official capacity under Section 1983 for injunctive relief so long as the judge has not violated a declaratory decree or declaratory relief was unavailable. 42 U.S.C. § 1983.

So basically, since she has not alleged that Magistrate Hallett violated a declaratory decree or that such relief was unavailable, the only way Ms. East could proceed would be to sue Magistrate Hallett individually for injunctive relief. Although Ms. East's complaint could possibly be read as doing exactly that, this is not enough to save Ms. East's claims from dismissal because I don't ultimately have the authority to grant her request. Simply put, I can't stay her divorce proceedings or allow her divorce proceedings to proceed in federal court, so I can't give her the injunction she seeks.

First, I'm not sure if there's even anything left for me to do in this matter because it's unclear whether Ms. East's divorce proceedings are complete. Since her claims are based on her treatment during the final hearing in her divorce proceedings, I suspect the proceedings may be complete. If that's true, there is nothing further for me to stay and her request is moot. And in that case, I wouldn't be able to then allow her to "present [her] case in federal court" because I'm not allowed to hear a case in federal court that has already been completely resolved by a state court under what's known as

3

the *Rooker-Feldman* doctrine. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005).

If her divorce proceedings are not complete (*i.e.* there has been no final divorce decree or she has already filed an appeal in state court), then *Rooker-Feldman* doesn't apply. *Parker v. Lyons*, 757 F.3d 701, 705 (7th Cir. 2014). But in that case, Ms. East's claims would still be barred under the domestic relations exception to federal jurisdiction. *U.S. v. Windsor*, 133 S.Ct. 2675, 2691 (2013). That's because "the federal courts, as a general rule, do not adjudicate issues of marital status even when there might otherwise be a basis for federal jurisdiction." *Id*. In fact, "[f]ederal courts will not hear divorce and custody cases even if they arise in diversity." *Id*. In other words, I'm not allowed to rule on marital or custody issues because those areas are reserved for the state courts. *Id*.

Since the only actions Ms. East asks me to take are to stay her divorce proceedings and allow her to present in federal court the case she wanted to present at the final hearing on her divorce, there is nothing for me to do. I simply do not have the authority to grant either of Ms. East's requests. Therefore, because Ms. East has failed to state a plausible claim for which I can grant any relief *(Bissessur*, 581 F.3d at 602-03), the complaint (DE 1) is **DISMISSED** and all pending motions (DE 2, DE 3) are **DENIED.**

**SO ORDERED**.

ENTERED: November 20, 2014

                                                s/Philip P. Simon
                                                PHILIP P. SIMON, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT